# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>CORY CLIFFORD BANFIELD,<br>　　　　　　　　　　　Defendant. | Case No. 97cr2675 BTM<br><br>**ORDER DENYING MOTION TO EXPUNGE** |

　　　The Court has received a letter from Defendant Cory Banfield, which the Court construes as a motion to expunge his conviction in this case. Mr. Banfield requests that his 1998 conviction for conspiracy to import marijuana (28 U.S.C. §§ 952, 960, and 963) be expunged. Mr. Banfield explains that he would like to expunge his conviction because he is pursuing his goal of becoming a teacher. According to Mr. Banfield, a clean record is necessary for him to accomplish this goal.

　　　Although the Court does not doubt that Mr. Banfield has made great strides since his conviction and is earnest in his desire to obtain a teaching credential, the Court does not have jurisdiction to expunge his conviction. The Ninth Circuit has held that district courts have ancillary jurisdiction to expunge a record of a conviction only when the conviction was unlawful or if a clerical error needs to be corrected. United States v. Sumner, 226 F.3d 1005, 1015

1 | (9th Cir. 2000).  District courts do not have the power to expunge a record of
2 | a valid arrest and conviction solely for equitable considerations such as
3 | enhancing a defendant's employment opportunities. Id.  In Sumner, the Ninth
4 | Circuit affirmed a decision by the district court that it did not have the
5 | jurisdiction to expunge the record of the defendant, who asked to have his
6 | conviction expunged because he wanted to become certified to teach in
7 | Nevada.

8 | Because the Court lacks jurisdiction to grant the relief sought by Mr.
9 | Banfield, Mr. Banfield's motion to expunge is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 3, 2013

*/s/ Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court